**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

---

| | |
|---|---|
| Melissa McMillan; ) | |
| ) | |
| ) | |
| Plaintiff, ) | No._____ |
| v. ) | |
| ) | Judge _____ |
| ) | |
| Covert Township, Michigan; Erich Fritz, ) | |
| Individually and as an agent of Covert Township, ) | **Plaintiff Demands a Jury Trial** |
| Michigan; ) | |
| ) | |
| Defendants. ) | |

---

# COMPLAINT AT LAW

NOW COMES the Plaintiff, MELISSA McMILLAN, ("Plaintiff"), by and through his attorneys, ROMANUCCI & BLANDIN, LLC; and complaining of Defendants COVERT TOWNSHIP; ERICH FRITZ, individually and as an agent of COVERT TOWNSHIP, MICHIGAN; and pleading hypothetically and in the alternative, states as follows:

## JURY DEMAND

1.     Plaintiff MELISSA McMILLAN hereby demands a trial by jury.

## INTRODUCTION

2.     Plaintiff, MELISSA MCMILLAN, brings this suit for a violation of her rights under the Fourth and Fourteenth Amendments of the United States Constitution and under Michigan state law, and brings this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

3.     This cause of action arises out of the sexual assault of Plaintiff MELISSA MCMILLAN while in the custody of Defendant CITY OF COVERT TOWNSHIP through its officer, ERICH FRITZ, on July 9, 2016.

4. This cause of action arises from those injuries caused on July 9, 2016 by Defendant CITY OF COVERT TOWNSHIP and Defendant Officer FRITZ's deliberate indifference, willful and wanton conduct, and intentional acts as set forth herein.

5. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff MELISSA MCMILLAN's rights as secured by the United States Constitution.

6. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and related state law claims against Defendant CITY OF COVERT TOWNSHP; and Defendant ERICH FRITZ, individually.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§1331, and 1343, as well as supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367(a), as those state law claims arise from the same case or controversy as the federal question in this matter, specifically 42 U.S.C. §1983.

8. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial portion of the incidents, events, occurrences, and omissions giving rise to this action occurred in the Western District of Michigan.

## PARTIES

9. At all times relevant hereto Plaintiff MELISSA MCMILLAN was a citizen of the United States and resident of the state of Michigan.

10. At all times relevant hereto, Defendant CITY OF COVERT TOWNSHP was a municipality, organized and existing by and under the laws of the state of Michigan.

11. At all times relevant hereto, Defendant CITY OF COVERT TOWNSHIP operated a certain police department known as the COVERT TOWNSHIP Police Department.

12. At all times relevant hereto, Defendant COVERT TOWNSHIP was acting under color of state law.

13. Upon information and belief, at all times relevant hereto, Defendant Officer ERICH FRITZ resided in the Western District of Michigan and was employed by Defendant COVERT TOWNSHIP as an officer.

14. At all times relevant to this complaint, Defendant Officer FRITZ was acting under color of state law and his conduct constituted state action.

## FACTS

15. On July 9, 2016, at approximately 1:00 a.m., Plaintiff met up with several friends at Captain Lou's, a bar located in South Haven, Michigan.

16. Between approximately 1:00 a.m. to 2:00 a.m., Plaintiff consumed several strong alcoholic beverages.

17. Between approximately 1:00 a.m. to 2:00 a.m., Plaintiff became highly, visibly intoxicated.

18. At approximately 2:00 a.m., Plaintiff left Captain Lou's, to accompany her friends in their intended travel to an acquaintance's home, located in Bangor, Michigan.

19. A male acquaintance drove Plaintiff's car as Plaintiff rode in the passenger seat. Several of Plaintiff's friends rode in a separate vehicle, along a different route.

20. At some point during travel, Plaintiff unknowingly urinated on the passenger seat of the vehicle.

21. At approximately 2:29 a.m., the vehicle in which Plaintiff was riding was pulled over by Defendant Officer ERICH FRITZ ("Fritz") of the Covert Township Police Department on Blue Star Highway.

22. FRITZ placed the man driving Plaintiff's vehicle under arrest for driving under the influence of alcohol, handcuffed him, and placed him in the back of FRITZ's squad car.

23. FRITZ noted to the arrestee that FRITZ was glad the arrestee had been driving, as he was "more sober" than Plaintiff.

24. FRITZ requested that Plaintiff exit her vehicle; as she complied, she leaned and swayed, at one point, falling into FRITZ.

25. FRITZ noted to Plaintiff that her vehicle's passenger seat was wet, and asked her if she had urinated.

26. Plaintiff repeatedly stated to FRITZ that she was "scared."

27. FRITZ noted to Plaintiff that she was "highly intoxicated."

28. FRITZ contacted the COVERT TOWNSHIP Police Department's dispatch, indicating a desire to take the "highly intoxicated" Plaintiff to a hotel room, describing Plaintiff as female and "slam wasted."

29. FRITZ placed Plaintiff in the passenger seat of his squad vehicle, with the prior arrestee remaining the back seat.

30. FRITZ contacted COVERT TOWNSHIP dispatch at approximately 4:10 a.m., stating that he was transporting an "intoxicated female" to a hotel, and began driving.

31. A COVERT TOWNSHIP dispatcher responded, acknowledging FRITZ's intent to transport an intoxicated female to a hotel.

32. Approximately 90 seconds after pulling his squad vehicle away from the traffic stop, FRITZ shut off his in-car audio and video.

33. FRITZ drove Plaintiff to the Baymont Hotel, located at 1555 Phoenix Street in South Haven, Michigan, and ordered her to check in to a hotel room.

34. The employee staffing the front desk at the Baymont Hotel at the time of Plaintiff's arrival witnessed Plaintiff spill items from her purse as Plaintiff attempted to find her ID and credit card to check in to a room.

35. The Baymont Hotel desk employee described Plaintiff as "visibly intoxicated."

36. The Baymont Hotel desk employee called COVERT TOWNSHIP dispatch, reported that an intoxicated female had been transported by a COVERT TOWNSHIP officer to the Baymont Hotel, and requested to speak to the police officer that had dropped Plaintiff off.

37. The Baymont Hotel employee was connected with Officer FRITZ, who then spoke to Plaintiff, telling Plaintiff he would return.

38. FRITZ returned, and once more placed Plaintiff in the passenger seat of his squad car.

39. FRITZ drove Plaintiff to the Comfort Inn in Paw Paw, Michigan, located at 153 Ampey Road in Paw Paw, Michigan.

40. Plaintiff began crying on the drive from the Baymont Inn to the Comfort Inn.

41. FRITZ was staying at the Comfort Inn on the night of July 9, 2016, and had booked and checked into a room under his name.

42. FRITZ took Plaintiff to the front desk of the Comfort Inn, stating to the Comfort Inn's desk employee that Plaintiff was his wife, and requesting a key for her to his room.

43. FRITZ was wearing his COVERT TOWNSHIP Police Department uniform when he made this request.

44. FRITZ received this key and took Plaintiff to his room at the Comfort Inn.

45. Once inside the room, FRITZ ordered Plaintiff to disrobe and shower.

46. Plaintiff, still highly intoxicated, disoriented, and frightened, complied.

47. Plaintiff stepped out of the shower to vomit into the toilet, which was witnessed by FRITZ.

48. While Plaintiff was undressed and in the bathroom, FRITZ photographed her with his cell phone camera.

49. Plaintiff did not consent to be photographed by FRITZ.

50. After vomiting, Plaintiff walked to one of the two twin beds inside FRITZ's hotel room and lost consciousness.

51. When Plaintiff regained consciousness, FRITZ was lying on top of her, penetrating her vaginally with his penis.

52. Plaintiff was still highly intoxicated upon regaining consciousness.

53. Plaintiff did not consent to sexual contact with FRITZ.

54. FRITZ ejaculated into Plaintiff's body; FRITZ did not use a condom.

55. FRITZ then grabbed the back of Plaintiff's head and forced her to perform oral sex on him.

56. Following the assaults, FRITZ sent a text message to another COVERT TOWNSHIP police officer stating he had "pulled over some drunk hot chick in her bra and panties."

57. FRITZ described Plaintiff to the fellow COVERT TOWNSHIP police officer in graphic, degrading terms.

58. FRITZ bragged to the Plaintiff that he had had sexual intercourse with her three times during the night.

59. While confined in FRITZ's hotel room, Plaintiff sent text messages to friends, telling friends that she was frightened, did not know where she was, and needed somebody to find her and pick her up.

60. Plaintiff reported to a hospital emergency room, where she requested a rape kit.

61. Plaintiff MELISSA MCMILLAN continues to suffer from acute anxiety and depression as a result of her sexual assaults.

62. Plaintiff MELISSA MCMILLAN was and continues to be severely emotionally distressed and affected by the assaults.

## CLAIMS FOR RELIEF

### COUNT I-§1983-Violation of Fourteenth Amendment Rights
*(Melissa McMillan v. Erich Fritz)*

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below.

64. Plaintiff MELISSA MCMILLAN had a constitutional right to be free from unlawful sexual harassment, abuse, and assault while in the custody of officers of the COVERT TOWNSHIP Police Department, including Erich Fritz.

65. At all times relevant to this complaint, Defendant Officer FRITZ was employed by Defendant COVERT TOWNSHIP. All actions performed by Defendant Officer FRITZ were done under color of state law and constitute state action.

66. Defendant Officer FRITZ repeatedly and knowingly sexually coerced and assaulted Plaintiff MELISSA MCMILLAN.

67. The sexual harassment and abuse inflicted upon Plaintiff MELISSA MCMILLAN included, but was not limited to, coerced oral and vaginal sex and other unwanted intrusions of a sexual nature and was severe, pervasive, and amounted to an unnecessary and wanton infliction of emotional distress and pain.

68. Defendant Officer FRITZ was aware that Plaintiff MELISSA MCMILLAN faced a substantial risk of serious bodily harm through his actions.

69. Defendant Officer FRITZ acted with deliberate indifference to the substantial risk of serious bodily harm, including sexual abuse and assault, to Plaintiff MELISSA MCMILLAN.

70. The effect of the sexual abuse and the failure to remedy the abuse, as outlined above, deprived Plaintiff MELISSA MCMILLAN of her statutory and constitutional rights granted by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

71. As a result of Defendant Officer FRITZ's deliberate indifference to the repeated incidences of serious bodily harm, including sexual abuse and assault, inflicted on Plaintiff MELISSA MCMILLAN, Plaintiff suffered physical pain injury, severe emotional and mental distress, humiliation, degradation, and loss of a normal life.

72. Moreover, as a result of Defendant Officer FRITZ's conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff MELISSA MCMILLAN demands judgment against Defendant Officer FRITZ for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT II-§1983- False Imprisonment
*(Melissa McMillan v. Erich Fritz)*

73. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below.

74. At all relevant times, Plaintiff had a constitutional right to be free from unlawful imprisonment and restraint on her freedom of movement.

75. Defendant FRITZ unlawfully restrained/imprisoned Plaintiff as to her personal liberty, and freedom of locomotion through coercion and/or physical force.

76. At all relevant times, Defendant FRITZ acted without reasonable grounds to believe that Plaintiff had committed a criminal offense, or that it was otherwise legally necessary to restrain or imprison her.

77. As a direct and proximate foreseeable result of the Defendant Fritz's detention, as set forth above, Plaintiff suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

78. The unlawful detention deprived Plaintiff MELISSA MCMILLAN of her statutory and constitutional rights granted by the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983.

79. As a direct and proximate foreseeable result of the Defendant Fritz's detention, as set forth above, Plaintiff suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

80. Moreover, as a result of Defendant Officer FRITZ's conduct, Plaintiff suffered

injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff MELISSA MCMILLAN demands judgment against Defendant Officer FRITZ for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT III-§1983-*Monell*
*(Melissa McMillan vs. Covert Township)*

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below.

82. Plaintiff McMILLAN had a constitutional right to be free from unlawful sexual harassment, abuse, and assault while in the custody of the COVERT TOWNSHIP Police Department.

83. At all times relevant to this complaint, Defendant Officer ERICH FRITZ was employed by Defendant COVERT TOWNSHIP. All actions performed by Defendant Officer FRITZ were done under color of state law and constitute state action.

84. At all relevant times, the employees, agents, and/or officers of Defendant COVERT TOWNSHP, including Defendant FRITZ, were acting pursuant to an expressly adopted official policy or a longstanding and widespread practice or custom of the Defendant COVERT TOWNSHIP.

85. Upon information and belief, Defendant COVERT TOWNSHIP, including its agents, employees, and/or officers, together with other COVERT TOWNSHIP policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

a. Permitting officers to transport intoxicated detainees to private dwellings, including, but not limited to, hotels;

b. Permitting officers to transport intoxicated detainees to private dwellings, including, but not limited to, hotels, without requiring the officer to account for the location or safety of the detainee;

c. Failing to properly train officers of the Covert Township Police Department on not committing and preventing sexual assault or coercion by officers against detainees;

d. Failing to properly officers of the Covert Township Police Department on recognizing sexual harassment, assault or coercion by officers against detainees;

e. Failing to properly train officers of the Covert Township Police Department to understand and recognize consent and coercion;

f. Failing to properly train officers of the Covert Township Police Department on probable cause and/or the lawfulness of detentions;

g. Failing to properly supervise detainees in the custody of Covert Township;

h. Failing to properly supervise the correctional officers employed by Covert Township;

i. Failing to discipline officers who create threats to inmate safety, including threats of sexual assault;

j. Failing to implement a warning system to prevent sexual abuse and assault among officers of the Covert Township Police Department and its detainees;

86. Moreover, the actions of COVERT TOWNSHIP created and/or increased the particular risk that Plaintiff, and other citizens taken into the custody of COVERT TOWNSHIP and its officers, would be exposed to acts of violence and/or sexual assault by Covert Township officers.

87. The employees, agents and/or officers of Defendant COVERT TOWNSHIP deprived Plaintiff MELISSA MCMILLAN of her rights, privileges, and immunities secured by the Fourteenth Amendment of the United States Constitution, including the right to be free from unlawful sexual harassment, abuse, and assault.

88. Defendant COVERT TOWNSHIP had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant condoned, tolerated and through its own actions or inactions thereby ratified such policies. Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff.

89. The policies, customs, and practices of Defendant COVERT TOWNSHIP described in this complaint were the moving force behind Defendant Officers' actions in allowing Plaintiff MELISSA MCMILLAN to be assaulted and harassed.

90. As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of Defendant COVERT TOWNSHIP, and other policymakers, Plaintiff suffered violations of her Constitutional rights guaranteed to her by the Fourth and Fourteenth Amendments, as well as other provisions, of the United States Constitution, and suffered physical and emotional injuries.

91. Moreover, as a result of Defendant COVERT TOWNSHIP's conduct, Plaintiff suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff MELISSA MCMILLAN demands judgment against Defendant COVERT TOWNSHIP for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT IV- VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(McMillan v. Covert Township and Fritz)*

92. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below

93. Plaintiff Melissa McMillan was subjected to unwelcome sexual advances, harassment and assault by defendants, without charges or hearing in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §37.2302(a).

94. Defendants' conduct constituted sexual harassment as defined under the Elliott-Larsen Act.

95. Defendants have engaged in a pattern of sexual harassment of Plaintiff and other female citizens, including but not limited to wrongful sexual assault and battery, in violation of the equal protection guaranteed by the Elliott-Larsen Act.

96. Defendant COVERT TOWNSHIP, with notice and knowledge of the aforementioned statutory deprivations, failed to investigate or discipline officers.

97. Such failure constituted a deliberate indifference to Plaintiff's rights.

98. As a result of Defendants' actions, Plaintiff was denied access to public services as a result of her sex.

### COUNT V- BATTERY
(*McMillan v. Covert Township and Fritz*)

99. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below.

100. On or about July 9, 2016, Defendant FRITZ, and/or Defendant COVERT TOWNSHIP, by and through its agent FRITZ, intentionally, deliberately, and willfully made sexual contact with Plaintiff.

101. At no time did Plaintiff give Defendant FRITZ, permission, consent, or authority to engage in this sexual contact with her.

102. As a direct and proximate foreseeable result of the Defendant FRITZ's actions, as set forth above, Plaintiff suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, and the loss of a normal life.

### COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(*McMillan v. Covert Township and Fritz*)

103. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below

104. On July 9, 2016 and all relevant times thereafter, Defendant FRITZ, acting as duly authorized agent of Defendant COVERT TOWNSHIP willfully and wantonly inflicted emotional distress on Plaintiff, at the aforesaid location.

105. On July 9, 2016 and all relevant times, Defendant FRITZ owed a duty to Plaintiff to refrain from willful and wanton misconduct, including the deliberate infliction of emotional distress, during the performance of his duties as a Covert Township police officer.

106. Defendants FRITZ knew or should have known that his actions, including sexual harassment and assault, had a significant probability of causing the Plaintiff severe emotional distress.

107. At all times material, Defendant FRITZ acted willfully and wantonly, extremely and outrageously, and with deliberate and conscious disregard for Plaintiff.

108. As a proximate result of one or more of the acts of Defendant FRITZ, Plaintiff sustained severe and extreme emotional distress, which damages are continuing.

109. As a proximate result of Defendant FRITZ's actions, Plaintiff has sustained post-traumatic stress disorder, requiring continued therapy to deal with her fear, terror and nightmares.

### COUNT VII- FALSE IMPRISONMENT (MICHIGAN STATE LAW)
*(McMillan v. Covert Township and Fritz)*

110. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 with the same force and effect as if fully set out in specific detail herein below.

111. At all relevant times, Defendant FRITZ owed Plaintiff a duty to refrain from detaining and/or imprisoning her without proper legal process.

112. Defendant FRITZ, as an officer of the COVERT TOWNSHIP Police Department unlawfully restrained/imprisoned Plaintiff as to her personal liberty, and freedom of locomotion through coercion and/or physical force.

113. At all relevant times, Defendant FRITZ acted without reasonable grounds to believe that Plaintiff had committed a criminal offense, or that it was otherwise legally necessary to restrain or imprison her.

114. As a direct and proximate foreseeable result of the Defendant Fritz's detention, as set forth above, Plaintiff suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

115. As a direct and proximate foreseeable result of the Defendant Fritz's detention, as set forth above, Plaintiff suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff MELISSA MCMILLAN respectfully requests the following relief:

(A) Compensatory damages, in an amount to be ascertained at trial, for the unlawful sexual assault, false imprisonment, and intentional infliction of emotional distress committed upon Plaintiff MELISSA MCMILLAN, complained of herein.

(B)     Punitive damages from individual Defendant Officers, in an amount to be ascertained at trial, for Defendants' deliberate indifference to MELISSA MCMILLAN's constitutional rights.

(C)     Attorneys' fees, costs, and expenses, pursuant to 42 U.S.C. § 1988.

(D)     Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Dated: July 2, 2018                              By: __/s Nicolette A. Ward_____
                                                        Attorney for Plaintiffs

Antonio M. Romanucci
Nicolette A. Ward
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: aromanucci@rblaw.net
Email: nward@rblaw.net
Attorney #: 6324818